IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

In Re: COOK MEDICAL, INC.,
IVC FILTERS MARKETING, SALES
PRACTICES AND PRODUCTS
LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

This Document Relates to:

All Plaintiffs in Exhibits A, B & C

ORDER ON JOINT NOTICE REGARDING
AMOUNT IN CONTROVERSY CERTIFICATION (QUALIFYING LAW FIRMS)

On January 17, 2025, Cook and the Plaintiffs' Steering Committee filed a Joint Notice listing Plaintiffs who have not submitted Amount in Controversy Certification Forms ("Joint Notice"). *See* Dkt. 26400; *see also* Sixth Amended Case Management Order No. 4 ("CMO-4"), Dkt. 25716 at ¶ 3; Amended Case Management Order No. 32 ("CMO-32"), Dkt. 25741. Each of these Plaintiffs categorized his or her only injury as Category 6 (Non-Symptomatic Injury), Category 7(e) (Symptomatic Penetration or Perforation), or as both Category 6 and Category 7(e) (the "Subject Categories").[1] *See* CMO-32, Dkt. 25741 at ¶ 1. These Plaintiffs were therefore required to certify that the amount in controversy in their respective cases exceeds the jurisdictional threshold of $75,000, exclusive of interest and costs, a requirement for this Court to exercise subject-matter jurisdiction over their actions. *See* 28 U.S.C. § 1332(a).

---

[1] Per CMO-32, injuries categorized in Category 1 or Category 2 are ignored for purposes of determining whether the Plaintiff must submit an Amount in Controversy Certification Form. *See id.* at ¶ 1 n.1.

1

The deadline for these Plaintiffs to submit Amount in Controversy Certification Forms expired no later than November 12, 2024.[2] *See* CMO-32, Dkt. 25896 at ¶¶ 1-2. Plaintiffs listed in **Exhibit A** and **Amended Exhibit B** have failed to submit Amount in Controversy Certification Forms since the filing of the Joint Notice on January 17, 2025.[3] *See* Dkt. 26083. Their cases are therefore subject to dismissal. However, because Plaintiffs listed in **Amended Exhibit B** also failed to submit Second Amended Case Categorization Forms as this Court has required, *see* Dkt. 26396 (Cook's Notice of Noncompliance: Second Amended Case Categorization Forms (CMO-33) (Qualifying Law Firms)), the Court will dismiss those cases for failure to submit new categorization forms by separate order. The Joint Notice is therefore **MOOT** as to those Plaintiffs listed in **Amended Exhibit B**. Cook may seek dismissal of those Plaintiffs' cases for failure to comply with CMO-32 at a later date, if necessary.

Plaintiffs listed in **Exhibit C** have cured their deficiencies. The Joint Notice is therefore **MOOT** as to those Plaintiffs listed in **Exhibit C**.

Based on the foregoing, **IT IS HEREBY ORDERED:**

1.  The cases identified in **Exhibit A** are **DISMISSED WITHOUT PREJUDICE** pursuant to Federal Rule of Civil Procedure 41 for failure to prosecute.

2.  The Joint Notice is **MOOT** as to the cases identified in **Amended Exhibit B** and **Exhibit C**. Cook may seek dismissal of the cases listed in **Amended Exhibit B** based on CMO-32 at a later date, if necessary.

---

[2] Plaintiffs subject to this Notice of Noncompliance are represented by law firms who have appeared in 250 or more cases pending in the MDL and, therefore, receive the benefit of the Court's Order Extending Time for Certain Plaintiffs to Comply with Amended CMO-32 and Amended CMO-33. *See* Dkt. 25896.

[3] **Exhibit A** and **Amended Exhibit B** include Plaintiffs with whom Cook agreed to provide extensions of time to submit Amount in Controversy Certification Forms but who nevertheless failed to cure their deficiencies by the agreed upon extended deadline.

All parties shall bear their own fees and costs.

Date: 3/13/2025

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distribution to all electronically registered counsel of record via CM/ECF.

3